**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TROY CAMPBELL,**

        **Plaintiff,**

 **vs.**              **9:16-CV-0004
                     (MAD/CFH)**

**JOSEPH PRUE** and
**DAVID HALLENBECK,**

        **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**TROY CAMPBELL**
13-A-0601
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

   Plaintiff commenced this action on January 5, 2016, alleging violations of his constitutional rights under the Eighth Amendment. *See* Dkt. No. 17. The named Defendants in the original complaint were the New York State Department of Corrections and Community Supervision ("DOCCS"), John Doe #1, John Doe #2, and Deandre Moore. *See* Dkt. No. 1 at 1-2 and 5. Defendants DOCCS and Deandre Moore were dismissed as defendants in this action. *See* Dkt. Nos. 4, 7. On May 20, 2016, Plaintiff identified John Doe #1 as Joseph Prue and John Doe #2 as David Hallenbeck and filed the second amended complaint naming Defendants Prue and Hallenbeck as defendants in this action. *See* Dkt. No. 15.

   On September 15, 2017, Defendants submitted a motion seeking summary judgment. *See* Dkt. No. 48. In a Report-Recommendation and Order dated July 3, 2018, Magistrate Judge

Hummel reviewed the motion for summary judgment. *See* Dkt. No. 55. In his review, Magistrate Judge Hummel recommended that Defendants' motion be granted and that the second amended complaint be dismissed in its entirety without leave to amend. *See id.* at 26. Plaintiff responded by filing an objection to the Report-Recommendation and Order on July 13, 2018. *See* Dkt. No. 57. For the following reasons, the Report-Recommendation and Order is adopted in its entirety.

A court may grant a motion for summary judgment only if "the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." *Chambers v. TRM Copy Cts. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable factual inferences in favor of the nonmoving party. *See id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the nonmovant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's statement of material facts; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants"

from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen* 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, Plaintiff's objections do not allege facts that indicate any error on the part of Magistrate Judge Hummel, but merely protests the findings of law by the restating the allegations contained in his complaint. *See* Dkt. No. 57. However, in light of Plaintiff's *pro se* status, the Court will review Magistrate Judge Hummel's recommendations *de novo*.

Pursuant to Local Rule 7.1(a)(3), a party moving for summary judgment must submit a statement of material facts. *See* Local Rule 7.1(a)(3). The opposing party is required to file a response to the statement of material facts. *See id*. "The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." *See id*. (emphasis omitted). Magistrate Judge Hummel noted that Plaintiff, in his opposition to Defendants' motion for summary judgment, failed to include a

3

response to the statement of material facts, but in light of Plaintiff's *pro se* status, conducted an independent review of the record. *See* Dkt. No. 55 at 9.

Magistrate Judge Hummel correctly found that Defendants' motion for summary judgment should be granted because Plaintiff failed to exhaust his administrative remedies, as is required under the Prison Litigation Reform Act. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The evidence in the record shows that Plaintiff did not file a grievance regarding the incident at issue while imprisoned in Hale Creek Correctional Facility or Marcy Correctional Facility. *See* Dkt. No. 48-4 at ¶ 20; Dkt. No. 48-6 at ¶ 20. Plaintiff does not offer anything beyond a bare conclusory statement that he tried to file a grievance to controvert this evidence. *See* Dkt. No. 51. Therefore, the Court finds that Magistrate Judge Hummel correctly found that summary judgment should be granted in Defendants' favor.

In deference to Plaintiff's *pro se* status, Magistrate Judge Hummel addressed the merits of Plaintiff's claim. *See* Dkt. No. 55 at 15. There are two components of a Section 1983 claim for violations of the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Chance*, 143 F.3d at 702 (citing *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.'" *Hathaway*, 37 F.3d at 66 (quoting *Wilson*, 501 U.S. at 298); *see also Calhoun*, 999 F.2d at 654 (finding that the alleged deprivation was not "a harm of a magnitude" that violate's the rights secured under the Eighth Amendment). Second, "the charged official must act with a sufficiently culpable state of mind." *Hathaway*, 37 F.3d at 66 (citing *Wilson*, 501 U.S. at 298). A sufficiently culpable state of mind means "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he [or she] must also draw the inference." *Id.* ("[A] prison official

does not act in a deliberately indifferent manner unless that official knows of and disregards an excessive risk to inmate health or safety") (internal quotation marks and citations omitted).

To succeed on a claim for failure to protect under the Eighth Amendment, a plaintiff must establish that (1) he or she was incarcerated under conditions posing a substantial risk of serious harm; and (2) prison officials acted with deliberate indifference to that risk and the inmate's safety. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

Magistrate Judge Hummel correctly found that the record did not support the conclusion that Plaintiff was at a substantial risk of serious harm prior to the attack. Plaintiff has testified inconsistently regarding the existence of any threat prior to the attack. For example, in the second amended complaint, Plaintiff alleges that Moore threatened to cut him and that Plaintiff informed prison staff about this threat. *See* Dkt. No. 52 at 4. However, at his deposition, a disciplinary hearing, and in a statement following the incident, Plaintiff did not state that Moore threatened to cut him. *See* Dkt. No. 48-13 at 40-41; Dkt. No. 48-14 at 6; Dkt. No. 48-12 at 10. Even if Plaintiff's allegation that Moore threatened to cut him were credited, the record includes significant evidence that there had been no indication of any potential threat to Plaintiff from Moore prior to the attack.[1] *See Desulma v. City of New York*, No. 98 Civ. 2078, 2001 WL 798002, *6 (S.D.N.Y. July 6, 2001) (dismissing the plaintiff's failure to protect claim where the plaintiff had no prior altercations with the attacking inmate and had never complained about the inmate prior to the attack). Indeed, in the days following the alleged threat, Plaintiff repeatedly interacted with Moore in a peaceful and friendly manner.

---

[1] Magistrate Judge Hummel, in his Report-Recommendation and Order, examined the lack of evidence regarding a threat to Plaintiff in great. *See* Dkt. No. 55 at 19-21.

5

Magistrate Judge Hummel also correctly found that Defendant Hallenbeck had no personal involvement in the events at issue. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted). A defendant who acts as a supervisor may be found to be personally liable under Section 1983 if:

> "The defendants may have directly participated in the infraction . . . A supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong . . a supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue . . . Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event."

*Id.* (citing *Williams v. Smith*, 781 F.3d 319, 323-24 (2d Cir. 1986)) (citations omitted). The record indicates that Plaintiff never attempted to speak to Defendant Hallenbeck about the underlying events. *See* Dkt. No. 48-13 at 24-25. There is no indication that Defendant Hallenbeck was ever informed by anyone else about Plaintiff's altercation. *See* Dkt. No. 48-2 at ¶ 7. Plaintiff does not allege that the incident is the result of a policy of custom created by Defendant Hallenbeck or that Defendant Hallenbeck was present at the time of the attack. Notably, Plaintiff does not challenge the recommendation as to Defendant Hallenbeck in his objection. *See* Dkt. No. 57. Based on the evidence included in the record, Magistrate Judge Hummel correctly found that Defendant Hallenbeck was not personally involved in the altercation at issue.

As for Defendant Prue, looking at the evidence in the light most favorable to Plaintiff, Plaintiff's claim of failure to protect must fail because he is unable to establish that Defendant Prue had a realistic opportunity to intervene. A plaintiff's Eighth Amendment failure to protect

claim must fail where the defendant did not have a realistic opportunity to intervene. *See Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001). Here, Plaintiff claims that Defendant Prue was not present at his assigned post, the officer's desk in the center of the C-2 housing unit, and had Defendant Prue been present at the desk, he would have been able to stop the attack on Plaintiff. *See* Dkt. No. 51 at 4-5. The record demonstrates that Defendant Prue was assigned to and was present in the C-2 housing unit at the time of the altercation. *See* Dkt. No. 48-3 at ¶ 10. Further, Defendant Prue stated that he was expected to make periodic rounds throughout the entire unit. *See id*. Even if Defendant Prue had been sitting at the officer's desk, the evidence indicates that he would not have been able to see the area where Plaintiff was attacked due to structural obstructions. *See id.* at ¶ 12. Defendant Prue has also stated that he did not hear any signs of an altercation such as yelling, shouting, or cries for assistance. *See id.* at ¶ 17. Finally, even if Defendant Prue was able to see into the area where Plaintiff was attacked, he would not have been able to intervene in time given the fact that the attack occurred within three seconds of Plaintiff entering the bathroom. *See* Dkt. No. 48-13 at 43. Based on the foregoing, Magistrate Judge Hummel correctly found that Plaintiff is unable to establish a prima facie case against Defendant Prue.

After careful consideration of Magistrate Judge Hummel's Report-Recommendation and Order, Plaintiff's objections thereto and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 55) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint in this action is dismissed without leave to amend; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 25, 2018
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge